OPINION
On July 21, 1999, Coshocton County Sheriff's Deputy Keith Duncan investigated a report of a felonious assault with a baseball bat at Bando's. The baseball bat was discovered in a motor vehicle behind Bando's. After running the license plate of said motor vehicle, Deputy Duncan discovered the vehicle belonged to one Shawn Affolter who had no driving privileges. Further inspection of the motor vehicle turned up the name of appellant, Joseph Gill, who also had no driving privileges. The next day, appellant admitted to Deputy Duncan that he had been driving the vehicle on July 21, 1999. As a result, appellant was charged with operating a motor vehicle while under suspension in violation of R.C.4507.02(D)(2). A bench trial commenced on August 20, 1999. Prior to trial, appellant had requested a continuance in order to obtain counsel. Said request was denied. The trial proceeded and the trial court found appellant guilty as charged. By judgment entry filed August 20, 1999, the trial court sentenced appellant to sixty days in jail with forty-two days suspended, imposed a $400 fine with $150 suspended and suspended his driver's license for an additional six months. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S CONTINUANCE AND THUS REQUIRED THE APPELLANT TO PROCEED WITHOUT REPRESENTATION BY AN ATTORNEY.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT IMPROPERLY CONSIDERED THE APPELLANT'S CLOSING ARGUMENT AS EVIDENCE IN ITS FINDING OF GUILT.
 III. THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY OF A VIOLATION OF OHIO REVISED CODE SECTION 4507.02(D)(2) BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING OF DRIVING UNDER SUSPENSION AS IT PERTAINS TO SECTION 4507.02(D)(2).
 I
Appellant claims the trial court erred in denying him a continuance to obtain counsel. We disagree. The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217
. Appellant was arraigned on July 29, 1999. During said arraignment, the trial court asked appellant if he was able to afford an attorney, if he was "working and everything." July 29, 1999 T. at 2. Appellant responded in the affirmative. The trial court then told appellant "[w]e're going to give you till the 5th [of August] to notify the court in writing as to who that lawyer might be." Id. at 3. Appellant never notified the court as directed nor requested more time to obtain counsel. The bench trial was scheduled for August 20, 1999, fifteen days after appellant was to have named his counsel. On the morning of trial, appellant appeared and requested a continuance in order to obtain counsel. August 20, 1999 T. at 3. Appellant informed the court he had contacted an attorney who was too busy "and it was like 750 bucks." Id. Appellant then stated he had contacted an attorney in Columbus who would represent him, but did not give the attorney's name. Id. at 3-4. The trial court noted there was nothing in the record to indicate "you ever talked to a lawyer or anyone has ever represented you, period." Id. at 4. The trial court denied the request for a continuance finding the following: Well, this is well past August 5th. This is the morning of your trial, and witnesses have been subpoenaed. Your request for a continuance is untimely; it is, therefore, being denied.
Id. Later, in discussing with appellant whether or not he would make an opening statement, the trial court told appellant "[i]f you didn't have a lawyer, you could have asked for a continuance a week ago, and I might have considered it." Id. at 6. Appellant was to notify the trial court of his counsel choice by August 5, 1999. He did not do so. Appellant could have notified the trial court prior to the trial date that he had not secured counsel. He did not do so. Instead, appellant waited until the morning of trial to tell the trial court some lawyer from Columbus, unnamed, would represent him. No notice of representation was filed with the trial court. The prosecutor and a subpoenaed witness were present and prepared to proceed. Appellant had plenty of time to secure counsel by the trial date, twenty-two days from the date of arraignment, or at the very least, notify the trial court of his inability to secure counsel in time. Upon review, we find the trial court did not abuse its discretion in denying the request for a continuance. Assignment of Error I is denied.
 II, III
Appellant claims the trial court improperly considered his closing argument as evidence, and the evidence was insufficient to support a guilty finding. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The trial court found appellant guilty of operating a motor vehicle while under suspension in violation of R.C. 4507.02(D)(2) which states as follows: No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under division (B) of section 4507.16 of the Revised Code, shall operate any motor vehicle upon the highways or streets within this state during the period of suspension. No person who is granted occupational driving privileges by any court shall operate any motor vehicle upon the highways or streets in this state except in accordance with the terms of those privileges.
Appellant argues because his suspension had expired on June 17, 1999 and he was charged on July 22, 1999, he should have been charged with operating a motor vehicle "after a license suspension has expired without first paying a license reinstatement fee, in violation of Section 4507.02 (C) of the Ohio Revised Code." Appellant's Brief at 18. Appellant argues the evidence does not support a finding of guilty of operating a motor vehicle while under suspension since he was no longer under suspension as it pertained to R.C. 4507.02(D)(2). Appellant argues the trial court "failed to amend the ticket to conform to the evidence." Id. Plaintiff's Exhibit B is a certified copy of appellant's printout from the Bureau of Motor Vehicles. Said printout shows appellant was granted occupational driving privileges on June 17, 1998. No evidence was introduced to show that those privileges had expired. The printout also states "no driving privileges indefinitely." On July 22, 1999, appellant admitted to Deputy Duncan that he had operated the motor vehicle in question on July 21, 1999. August 20, 1999 T. at 13. Appellant told Deputy Duncan he had occupational driving privileges but he agreed he had operated the vehicle outside of those privileges. Id. at 14. Based upon the evidence that appellant had occupational driving privileges only and appellant operated a motor vehicle outside of those privileges, we find sufficient evidence to find appellant guilty of violating R.C. 4507.02(D)(2), and no manifest miscarriage of justice. Appellant argues the trial court improperly considered his closing argument as evidence in finding him guilty. Appellant's closing argument was as follows: I just — I don't understand how somebody can get charged for driving — a DUI suspension, get charged for driving under suspension and — if I was driving the car in the car, I could see if he got me in the car. But he comes two days later or the next night later and comes to the hotel, knocks on my hotel door, and arrests me from the hotel door. So, I mean, so he already arrested me for that. He arrested me right there, I mean, right at the hotel door. So, I was under arrest the whole time. So, I mean, I didn't tell him that I was driving, and then he arrested me. It was: He arrested me, and then I was driving. And it's just I don't think that — Id. at 19.
The trial court interrupted appellant and explained "[t]here is no legal requirement that he [Deputy Duncan] has to personally see you operate the vehicle in order to prove that you did it." Id. Thereafter, appellant concluded his argument and the trial court stated the following: Well, I guess since you practically confessed again in your closing argument. Based on the evidence presented, the court will find that you're guilty of operating a motor vehicle while your license was under a DUI suspension.* * * The circumstantial evidence placing you at the location and your admission of having driven is more than enough to satisfy me that you did, in fact, drive.
Id. at 20. The trial court's decision was based upon "the evidence presented" that is, the circumstantial evidence placing appellant at the location, appellant's admission of having driven the motor vehicle and appellant's BMV record, Plaintiff's Exhibit B. The trial court did not base its decision on appellant's closing argument but merely remarked "you practically confessed again." (Emphasis added.) Upon review, we find the trial court did not consider appellant's closing argument as evidence. Assignments of Error II and III are denied.
 ______________________ Farmer, J.
By Gwin, P.J. and Wise, J. concur.